UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

STEPHANIE L. BOXLER,  :  CASE NO. 5:16-CV-2154
:
       Plaintiff,  :
:
  vs.  :  OPINION & ORDER
:  [Resolving Doc. 1]
COMMISSIONER OF  :
SOCIAL SECURITY,  :
:
       Defendant.  :
:

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On December 12, 2012, Plaintiff Stephanie L. Boxler applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.[1] After her application was denied, Boxler requested that an Administrative Law Judge (ALJ) evaluate her application.[2]

On March 23, 2015, the ALJ determined that Plaintiff Boxler was not disabled within the meanings of the Social Security Act.[3] The Appeals Council denied Boxler's request for review.[4]

On August 29, 2016, Plaintiff Boxler filed this complaint. With her complaint, Boxler alleges that she was wrongly denied disability insurance benefits.[5]

Consistent with Local Rule 72.2, the Court referred the matter to Magistrate Judge Thomas M. Parker. On June 1, 2017, Magistrate Judge Parker issued a Report and

---

[1] Doc. 10 at 268-76; *see* 42 U.S.C. §§ 416(i), 423 *et seq.*
[2] *Id.* at 12-15.
[3] *Id.* at 16-37.
[4] *Id.* at 6-10.
[5] Doc. 1.

Case No. 5:16-CV-2154
Gwin, J.

Recommendation, finding substantial evidence supported the ALJ's determination and recommending that this Court affirm the Commissioner's denial of disability benefits.[6]

Specifically, Magistrate Judge Parker rejected Boxler's argument that the ALJ should have considered Boxler's diagnosis of bradyphrenia, a condition that causes mental slowness or fatigability of initiative.[7] Judge Parker found no evidence that Boxler had a bradyphrenia diagnosis, and Boxler failed to identify any work-impairing limitations of a bradyphrenia diagnosis.[8] On June 12, 2017, Boxler filed notice that she would not object to Magistrate Judge Parker's report and recommendation.[9]

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of a Report and Recommendation to which the parties have made an objection.[10] Plaintiff Boxler declined to file any objections in this case.

Absent objection, a district court may adopt the magistrate judge's report without review.[11] Moreover, having conducted its own review of the parties' briefs in this case, the Court agrees with the conclusions of Magistrate Judge Parker.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Parker's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court thus **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.

Dated: June 23, 2017    *s/      James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[6] Doc. 17.
[7] *Id.* at 9-11.
[8] *Id.* at 10-11.
[9] Doc. 18.
[10] 28 U.S.C. § 636(b)(1)(C).
[11] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).